## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

PROVEN INDUSTRIES, INC.,

      Plaintiff,

v.                                                    **Civil Action No. 1:22-cv-1342**

ALTOR LOCKS, LLC,
KAREN SCHAUFELD,
and
DYLAN CATO,

      Defendants.

## <u>COMPLAINT</u>

      Plaintiff, Proven Industries, Inc., for its Complaint in this matter, states and alleges as follows:

### <u>PARTIES</u>

      1.      Plaintiff Proven Industries, Inc., ("Proven") is a Florida corporation with a principal address of 2310 S Dock St., Unit 111, Palmetto, FL 34221.

      2.      Defendant Altor Locks, LLC ("Altor"), formerly known as LU IPD, LLC, is a Virginia limited liability company with a principal office address of 45910 Transamerica Plz Ste 106, Sterling, VA 20166.

      3.      Defendant, Karen Schaufeld ("Schaufeld") is an individual, a member of Altor, and, upon information and belief, a resident of Virginia.

      4.      Defendant, Dylan Cato ("Cato"), is an individual, a member of Altor, and, upon information and belief, a resident of Virginia.  Altor, Schaufeld and Cato are referred to herein collectively as Defendants.

## JURISDICTION AND VENUE

5.      Proven seeks relief under various federal statutes, including the Lanham Act, 15 U.S.C. § 1125.  Jurisdiction is vested in this Court by virtue of 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, 1338(a), 1367.

6.      This Court has jurisdiction over Proven's state law claims pursuant to 28 U.S.C. §§ 1332 and 1367(a).

7.      In the alternative, because there is complete diversity of citizenship between Proven and Defendants, and because the amount in controversy exceeds $75,000, exclusive of interest and costs, this Court has original jurisdiction over this matter pursuant to 18 U.S.C. § 1332.

8.      Proven's claims brought under state law are so related to its federal claims, over which the Court has original jurisdiction, that they form part of the same case or controversy. Under Article III of the United States Constitution, the Court has jurisdiction over Proven's state common law and statutory claims pursuant to 28 U.S.C. § 1367.

9.      This Court has personal jurisdiction over each Defendant because, among other reasons, each Defendant is a citizen of the Commonwealth of Virginia, conducts business within the Commonwealth of Virginia and committed tortious acts within the Commonwealth of Virginia.

10.      Venue is proper in this District under 28 U.S.C. § 1391 because Defendants reside and are domiciled in this District, are subject to personal jurisdiction in this District and because a substantial part of the events or omissions giving rise to the claims asserted herein occurred within the Commonwealth of Virginia, this District, and this Division.

## BACKGROUND ON PARTIES

11.     Since 2011 Proven has been designing, manufacturing and selling locks for trailers.  Proven's product line includes, but is not limited to, trailer coupler locks, trailer door locks, wheel locks and hitch locks.

12.     To control production and quality, parts for Proven's products are manufactured by Dynamic Manufacturing Group, LLC ("Dynamic"), a Florida limited liability company. Proven's products are assembled at Dynamic's facilities in the US.  Over the years, Proven and Dynamic invested thousands of hours in product design and testing, and millions of dollars in manufacturing equipment.  Their efforts have resulted in countless satisfied customers and overwhelmingly positive reviews.

13.     Upon information and belief, Altor was formed on or about December 3, 2014. Prior to 2021, Altor's business was selling bicycle locks that, on information and belief, are made from parts manufactured for Altor in China.

14.     During 2021, Altor added, to its product line, trailer coupler locks that, on information and belief, are made from parts manufactured for Altor in China.  Today, Altor continues to sell bicycle locks and trailer coupler locks.

15.     Schaufeld is a managing member of Altor and has directed and participated in the commission of tortious acts described herein.

16.     Cato is a managing member of Altor and has directed and participated in the commission of tortious acts described herein.

## BACKGROUND AND FACTS

### A.      FALSE ADVERTISING CLAIM – POWER TOOL PROOF

17.     On or about August 15, 2021, Ron Lee ("Lee"), President of Proven, learned that Altor began promoting its first trailer coupler lock on social media, via videos that show cutting off a Proven trailer coupler lock. In the videos, Altor claims that the Altor lock is "the only Power Tool Proof lock on the market."

18.     On or about August 15, 2021, through Facebook messenger, Lee requested a call from Altor.  Schaufeld of Altor called Lee shortly thereafter. This call is referred to herein as the First Call.

19.     During the First Call, Lee urged Schaufeld to reconsider Altor's marketing strategy of advertising its product as the one and only "Power Tool Proof" trailer coupler lock, while also attacking Proven's products.  Schaufeld replied with indecision, stating: "I don't know, I think we should keep it to show people the difference."

20.     During the First Call, while explaining that Proven could make the same videos of Altor's products, which could lead to a vicious cycle, Lee expressed preference for working together in a positive manner.  Lee also notified Schaufeld that Altor was making false statements, misleading consumers, because the so-called "Power Tool Proof" Altor lock can be readily defeated with power tools. At the end of the call, Schaufeld said she would talk to her "partner," Cato, and invited Lee to check back with her later.

21.     A few days after the First Call, Lee telephoned Schaufeld to follow up. During the call (the "Second Call"), Schaufeld said she spoke with Cato and they decided that they would not take down or cease the videos.

22.     During the Second Call, Lee notified Schaufeld that Altor was making false statements, misleading consumers, because the so-called "Power Tool Proof" Altor lock can be readily defeated with power tools.

23.     Through the actions of Schaufeld and Cato, Altor continues to advertise its trailer coupler locks as "Power Tool Proof."

24.     Altor's trailer coupler locks are not power tool proof.

25.     Defendants have staged and posted online on YouTube videos wherein power tools are used improperly to support Altor's false claim that Altor's trailer coupler locks are the only power tool proof trailer coupler locks.

26.     In a youtube video https://www.youtube.com/watch?v=UjEsrnc4-OI entitled "ALTOR TEST | The SAF Trailer Lock vs Drill Attack," posted by Defendants a person attempts to drill a lock core (i.e., the mechanism that receives a key for locking and unlocking) using a 1/2-inch drill bit and a hole saw. A screen shot of the video is attached as Exhibit A.  On the youtube page, Defendants' falsely claim "Anti-drilling design prevents drills and hole saws from compromising the lock body and mechanism."

27.     Upon information and belief, Defendants do not manufacture lock cores used in its trailer locks or bicycle locks. Defendants purchase lock cores from one or more third party suppliers.

28.     The lock cores used by Defendants are vulnerable to attack by drilling.

29.     In the video entitled "ALTOR TEST | The SAF Trailer Lock vs Drill Attack," the selected 1/2-inch drill bit is an oversized drill bit for drilling out the lock.  Defendants selected such a bit because it hits the entire face of the lock core, which is an approach destined to fail.

30.     In the video entitled "ALTOR TEST | The SAF Trailer Lock vs Drill Attack," Defendants also used a hole saw of the type used to form holes in wood, which is a tool that is wholly unsuitable for the task.  Defendants not only selected an improper tool, but also misused the tool by omitting the center arbor bit. Defendants knew that the effort was destined to fail.

31.     In the video entitled "ALTOR TEST | The SAF Trailer Lock vs Drill Attack," to deceive viewers, Defendants knowingly and intentionally avoided a proper procedure for drilling out the lock core.

32.     Defendants know that Altor's trailer coupler locks are not power tool proof.

33.     Defendants have reason to know that Altor's trailer coupler locks are not power tool proof.

34.     Defendants know that a properly selected and properly used power tool can defeat an Altor trailer lock.

35.     Defendants know that a properly selected and properly used power tool, a hammer and a punch can readily defeat an Altor trailer lock.

36.     Defendants advertise Altor trailer coupler locks as power tool proof to divert consumers from competing products, including Proven's products.

37.     A true and accurate copy of a listing for Altor's trailer coupler locks on the Amazon.com marketplace, which is attached hereto as Exhibit B, falsely refers to Altor's lock as "The **ONLY** Power Tool **PROOF** Trailer Lock" (bold in original) and as "the only lock that is power tool proof."  The URL for Exhibit B is:

https://www.amazon.com/stores/Altor/page/0D4A07A6-3804-47D9-B8B5-C17557AC6FE7?ref_=ast_bln

38.     A true and accurate copy of a webpage (https://altorlocks.com/pages/the-saf-trailer-lock) from Altor's website at Altorlocks.com, which is attached hereto as Exhibit C, falsely refers to Altor's lock as "The Only Power Tool Proof Coupler Lock" and falsely berates every other lock by stating "DID YOU KNOW THAT EVERY OTHER LOCK CAN BE CUT IN A MATTER OF SECONDS."

39.     A youtube video (www.youtube.com/watch?v=QesIfc8kyFY) posted by Altor falsely refers to Altor's trailer coupler lock as "the only power tool proof trailer lock..."  A screenshot of the video is attached hereto as Exhibit D.

40.     Altor has posted and disseminated its false power tool proof claim at various other locations and on various other sites, including on Facebook and LinkedIn.

41.     The market for trailer coupler locks is highly competitive.

42.     Potential purchasers research various trailer coupler locks and advertisements related thereto, before making a purchasing decision.

43.     Defendants' advertising, promotion and marketing of the Altor trailer coupler locks as "power tool proof" is a false and misleading misrepresentation that is likely to and does mislead, deceive, confuse and defraud consumers and cause confusion, mistake and deception.

44.     By consistently advertising Altor's trailer coupler locks as "power tool proof" when Defendants' know that Altor's trailer coupler locks are not power tool proof, Defendants are engaging in a systematic, ongoing course of conduct with intent to defraud one or more persons, such as consumers, and with intent to obtain property, such as money, from one or more persons by false or fraudulent pretenses, representations, or promises or willful misrepresentations.

### B.    FALSE ADVERTISING CLAIM – SAFETY CHAIN SECURITY IS A SALES GIMMICK

45.     It is possible for a thief to use unsecured safety chains to tow a trailer.  Most trailers are equipped with safety chains.  Safety chains prevent a trailer from separating from a towing vehicle if a hitch fails.  By twisting safety chains and/or wrapping the chains around a ball hitch to reduce slack, the safety chains provide a linkage for coupling a trailer to a vehicle, e.g., a getaway vehicle.  By reducing slack, the risk of damage from a trailer crashing into the back of a vehicle is reduced.  Even if a trailer coupler is blocked with a trailer coupler lock, the trailer is vulnerable to theft if the safety chains are unsecured.

46.     Proven manufactures and offers a line of patented trailer coupler locks that not only lock a trailer coupler, but also lock safety chains.  As one example, Proven's Model 2517-TE1 locks both a trailer coupler and safety chains.  A screenshot of a listing for Proven's Model 2517-TE1 trailer coupler lock, as shown at https://www.provenlocks.com/collections/all-trailer-coupler-locks/products/model-2517-te1, is attached hereto as Exhibit E.

47.     Altor does not offer a trailer coupler lock that secures safety chains.

48.     In a webpage at https://altorlocks.com/blogs/how-to/can-a-thief-tow-your-trailer-with-safety-chains, Defendants falsely claim that a thief would rather take time and risk detection by defeating a trailer lock with a noisy power tool, than to quickly connect safety chains to tow a trailer to a remote location where the lock can be removed without risk of detection.  Altor then goes on to derisively dismiss securing safety chains as an unnecessary gimmick: "Securing your safety chains, is basically a sales gimmick that creates buyer confusion, and is no protection from a thief with portable power tools."  A copy of the webpage is attached as Exhibit F.  Defendants' statement is false because securing safety chains is not a sales gimmick; rather, it is a legitimate safety measure.  Defendants made the false statement to divert consumers from Proven.

49.     The same content as that provided in the webpage attached as Exhibit F is provided by Altor at:  https://www.linkedin.com/pulse/can-thief-tow-your-trailer-safety-chains-altor-locks.

50.     In a 1998 article entitled "Protect Your Boat And Trailer From Becoming A Victim Of Theft," author David Gregory explains: "There have been many cases when thieves simply hooked the trailer's safety chains to the back of a tow vehicle (ignoring the coupler) and dragged the boat and trailer down the street. It's good enough to get to a home or dark alley a few blocks away, where they can work on the boat in relative safety."  Gregory, David; *Protect Your Boat And Trailer From Becoming A Victim Of Theft;* Ehlert Publishing Group, Inc.; Trailer Boats; Carson Vol. 27, Iss. 5, pp. 50-54 (May 1998), at p. 53. https://www.proquest.com/magazines/protect-your-boat-trailer-becoming-victim-theft/docview/208913187/se-2.

51.     A 2005 article in the Tampa Tribune states: "Also useful are hitch coupler locks, though these alone won't keep your trailer from being stolen. It's possible to use the safety chains to secure a trailer to a tow vehicle well enough to steal it, so don't depend only on a coupler lock."  Sargeant, Frank; *Theft of Trailer Hits Too Close to Home [FINAL edition].* Tampa Tribune, May 18, 2005. https://www-proquest-com/newspapers/theft-trailer-hits-too-close-home/docview/271259047/se-2.

52.     As a warning to trailer owners, many youtube videos show how easy it is to connect safety chains to a getaway vehicle.  For example, Proven published such a video on youtube on May 13, 2022, at https://www.youtube.com/watch?v=prp5H7GpSS0.  The video shows a quick and quiet connection of safety chains to a ball hitch of a vehicle that then drives away.  A screen shot of the video is attached as Exhibit G.

53.     Another similar video from 2014 by Caravan and Car Alarms, entitled "How long does it take to steal a secured camper trailer?" at https://www.youtube.com/watch?v=Z9tbSzWkY1s, shows a casual (not rushed) and quiet connection of safety chains to a ball hitch of a getaway vehicle in less than a minute.  A trailer coupler lock remained on the trailer coupler.  A screen shot of the video is attached as Exhibit H.

54.     The risk of trailer theft by securing safety chains to a getaway vehicle is real and well established.

55.     Altor's statement "Securing your safety chains, is basically a sales gimmick that creates buyer confusion" is false, directed at Proven, and intended to mislead consumers and divert consumers from competitors, such as Proven, who offer trailer coupler locks with safety chain security features.

56.     Defendants know that Altor's trailer coupler lock does not secure safety chains.

57.     Defendants know and have reason to know that thieves have used unsecured safety chains to tow a trailer.

58.     Defendants know and have reason to know that a secured safety chain reduces risk of theft.

59.     Defendants know and have reason to know that securing safety chains is not a sales gimmick that creates buyer confusion.

60.     Defendants advertise that safety chain security is a sales gimmick to divert consumers from competing products, including Proven's products.

61.     Defendants' advertising that securing safety chains is a sales gimmick that creates buyer confusion is a false and misleading misrepresentation that is likely to and does mislead, deceive, confuse and defraud consumers and cause confusion, mistake and deception.

62.     By consistently advertising that securing safety chains is a sales gimmick that creates buyer confusion, Defendants are engaging in a systematic, ongoing course of conduct with intent to defraud one or more persons, such as consumers, and with intent to obtain property, such as money, from one or more persons by false or fraudulent pretenses, representations, or promises or willful misrepresentations.

### C.     FALSE PATENT MARKING

63.     As further evidence of Defendants' intent to defraud, Defendants falsely claim that Altor's bulky U-shaped bicycle lock is patented.

64.     Defendants sell locks for bicycles and trailer couplers.

65.     Defendants own at least one patent.

66.     Defendants know the difference between a pending patent application and an issued patent.

67.     Defendants know that a pending patent application is not an issued patent.

68.     Defendants know that they do not have a patent that claims Altor's bulky U-shaped bicycle lock.

69.     Defendants know that it is false to claim that Altor's bulky U-shaped bicycle lock is patented.

70.     On a webpage at https://altorlocks.com/products/saf-lock Defendants promote Altor's bulky U-shaped bicycle lock (i.e., the Altor SAF Lock), and falsely assert that that at least a portion of the shackle is patented.  There, Defendants falsely declare: "Made from a 14mm hardened steel shackle, wrapped in our patented aluminum shell..."  Defendants also falsely state "Our patented aluminum protective shackle." A copy of the webpage is attached as Exhibit I (emphasis added).

71.     Similarly, in postings on Amazon.com for Altor's bulky U-shaped bicycle lock, at https://www.amazon.com/Altor-SAF-Lock-Grinder-Bicycle/dp/B08779BY8D and https://www.amazon.com/Altor-SAF-Lock-Double-Grinder/dp/B08779PDB4  Defendants falsely boast: "Patented SAF Tech shackle design protects against angle grinders and conventional attacks," "Patented Aluminum SAF Tech shackle" and "...wrapped in patented aluminum SAF-Tech shell…", and "Featuring our patented aluminum protective shell wrapped around a 14mm hardened steel shackle." Copies of the postings are attached hereto as Exhibit J (emphasis added).

72.     An article on Visor Down, a website devoted to motorcycle and racing news and reviews, contains information and graphics supplied by Defendants for publication.  The article is posted at https://www.visordown.com/news/product-news/altor-claim-have-created-angle-grinder-proof-disclock   The first line of the article, in bold, falsely states: "The makers state that the patented tech shell defends against grinding discs …"  The article then falsely refers to "a patented aluminium [sic] shell."  In a graphic supplied by Defendants for the article, Defendants falsely claim "Patented SAF Tech Shell protects against angle grinders".  The article then falsely refers to "Our patented aluminum protective shackle."

73.     Another article entitled "Altor SAF Review," dated June 27, 2022, by Brady Meyers, on the Gadget Review website at https://www.gadgetreview.com/altor-saf-review repeats Defendants' false claims of a "Patented grinder-proof U shackle."

74.     Defendants have violated 35 U.S.C. § 292 (a) by falsely marking upon, or affixing to, or using in advertising in connection with an unpatented article, the word "patent" or any word or number importing that the same is patented, for the purpose of deceiving the public.

75.   Defendants have no reasonable belief that Altor's bulky U-shaped bicycle locks or the shackle or shackle shell were protected by an issued patent when Defendants falsely claimed in published advertising that the lock, shackle and shell were patented.

76.   Defendants have advertised Altor's bulky U-shaped bicycle lock, shackle and shell as patented with the intent to deceive others and deter them from competing or purchasing competitive products.

77.   Many consumers purchase bicycle locks and trailer coupler locks.

78.   A consumer who purchases a bicycle lock from a vendor is more likely to purchase a trailer coupler lock from that same vendor.

79.   Defendants' website at altorlocks.com is an e-commerce website that allows consumers to purchase Altor's products.  Consumers may set up an account to purchase Altor products.  An established account facilitates purchases of additional Altor products.  Altor uses information from customer accounts to directly market products, including the Altor trailer coupler lock, to such customers.

80.   By falsely advertising Altor's bulky U-shaped bicycle locks as patented, Defendants increase the likelihood that consumers will purchase the "patented" bicycle lock from Altor.  A consumer who has purchased Altor's bulky U-shaped bicycle lock is then far more likely to purchase a trailer coupler lock from Altor.  This tactic diverts consumers from competing vendors, including Proven.

81.   The false marking was done with the intent to deceive the public.

82.   Defendants have advertised its products as patented with the intent to deceive others and deter them from competing or purchasing competitive products.

83. For simple products, such as bicycle locks, often patents are a primary or main bar to fair competition.

84. By proudly boasting on Altor's website, in social media and to third party publishers that the product is patented, Defendants warn actual and potential competitors that a competing product might infringe and misrepresent to consumers that a patent has already been issued, and further misrepresent that a similar product cannot rightfully be obtained elsewhere.

## COUNT I

## FALSE ADVERTISING UNDER 15 U.S.C. § 1125(a)(1)(B)

85. Proven realleges and restates paragraphs 1 through 84 as if fully set forth herein.

86. Defendants have misrepresented, directly or indirectly, expressly or by implication, that Defendants' claim that Altor's trailer coupler lock is "power tool proof" is a claim that is supported by independent objective unbiased scientific testing.

87. Defendants' website contains advertisements made to appear as objective unbiased tests and Defendants' YouTube videos are advertisements made to appear as objective unbiased tests. However, the tests conducted are shams.  In tests, Defendants improperly use power tools and avoid exploiting weaknesses of Altor's trailer coupler locks.  In so doing, Defendants deceive consumers.

88. Defendants also deceive consumers by falsely stating in advertising that that Altor's trailer coupler lock is power tool proof, securing safety chains is a sales gimmick that creates buyer confusion, and Altor's unpatented bicycle lock is patented or includes a patented shackle or sheath.

89.     Defendants, in commercial advertising or promotion, misrepresent the nature, characteristics, and/or qualities of Altor's goods, and the nature, characteristics, and/or qualities of Proven's goods, services, and/or commercial activities.

90.     Defendants' misrepresentations are material because they are likely to influence a consumer's purchasing decision, as consumers wish to procure a trailer coupler lock that cannot be defeated, consumers may accept a lock that does not secure safety chains if safety chain security is merely a gimmick, and consumers may wish to purchase from the patent holder for the U-shaped bicycle lock.

91.     Defendants have introduced these false statements into interstate commerce via marketing and advertising on various websites.

92.     Defendant's actions, as described above, constitute false and misleading descriptions and misrepresentations of fact in commerce which, in commercial advertising and promotion, misrepresent the nature, characteristics, and qualities of the products in violation of Section 43(a)(1)(B) of the Lanham Act.

93.     Proven's products compete directly with Defendants' trailer coupler lock products.

94.     As a result of defendants' misrepresentations, Proven has suffered both an ascertainable economic loss of money and reputational injury by the diversion of business from Proven to Altor and the loss of goodwill in Proven and Proven's products.

## COUNT II

## FALSE ADVERTISING UNDER VA. CODE §§ 59.1-68.3,18.2-216

95.     Proven realleges and restates paragraphs 1 through 94 as if fully set forth herein.

96.     Defendants, with intent to sell and dispose of Altor's goods to the public, and with intent to increase the consumption thereof, has made, published, disseminated, circulated and placed before the public in the Commonwealth of Virginia and elsewhere, and caused, directly or indirectly to be made, published, disseminated, circulated or placed before the public, advertisements which contain untrue, deceptive and misleading assertions, representations and statements.

97.     Defendants' advertisement of Altor's trailer coupler locks as power tool proof is a false, deceptive, and misleading representation.

98.     Defendants' advertisement that securing safety chains is a sales gimmick that creates buyer confusion and is a false, deceptive, and misleading representation.

99.     Defendants' false and misleading representations are made in advertisements.

100.    Defendants' false and misleading representations are likely to deceive and have deceived consumers and have been made with the intent to induce customers to purchase Altor's product(s).

101.    As a result of Defendants' untrue, deceptive and misleading assertions, representations and statements, Proven has suffered both an ascertainable economic loss of money and reputational injury by the diversion of business from Proven to Altor and the loss of goodwill in Proven and Proven's products.

102.    Defendants are further entitled to recover reasonable attorneys' fees for Plaintiffs violation(s) of Va. Code §18.2-216.

## COUNT III

## FALSE ADVERTISING UNDER FLA. STAT. §§ 817.06 & 817.41

103.    Proven realleges and restates paragraphs 1 through 102 as if fully set forth herein.

16

104.    Proven, as a competitor of Defendants, is entitled to "stand-in" for a consumer under Fla. Stat. § 817.41. *Third Party Verification, Inc. v. Signaturelink, Inc.*, 492 F. Supp.2d 1314, 1322-23 (M.D. Fla. 2007).

105.    Cato and Schaufeld, by and through each other and Altor, intended and continue to intend to sell merchandise directly or indirectly to the public and have made, published, disseminated, circulated, or placed before the public in the State of Florida (and elsewhere) advertisements regarding their merchandise that contain assertions, representations, and/or statements that are untrue, deceptive, or misleading in violation of Fla. Stat. 817.06.

106.    Cato and Schaufeld, by and through each other and Altor, have made or have disseminated or caused to be made or disseminated before the general public of the State of Florida (and elsewhere) misleading advertisements that are designed and intended to obtain money under false pretenses in violation of Fla. Stat. §§ 817.40(5) and 817.41.

107.    Defendants' advertisement of trailer coupler locks as power tool proof is a false and misleading representation.

108.    Defendants' advertisement that securing safety chains is "a sales gimmick that creates buyer confusion" is a false and misleading representation.

109.    Defendants' false and misleading representations are made in advertisements.

110.    Defendants' false and misleading representations are likely to deceive and have deceived consumers.

111.    Defendants knew or through the exercise of reasonable care should have known or could have ascertained that the misleading advertisements were untrue or misleading. Defendants disseminated the misleading advertisements with the intent or purpose, either directly

or indirectly, to sell or dispose of Defendants' goods in violation of Fla. Stat. §§ 817.40(5) and 817.41.

112.    The misleading advertisements were disseminated by Defendants, directly or indirectly, and made material misrepresentations and/or misleading statements of fact.

113.    Each Defendant knew or should have known of the falsity of the statements contained in the misleading advertisements.

114.    Each Defendant intended that the misrepresentations and misleading statements would induce consumers of trailer coupler lock products to act on the misrepresentations or misleading statements.

115.    Defendants knew and should have known the falsity of their statements.

116.    Defendants intended that their misrepresentations would induce the consuming public to rely and act on the misrepresentations.

117.    Proven was injured as a direct and proximate result of Defendants' representations.

118.    As a result of Defendants' false and misleading assertions, representations and statements, Proven has suffered both an ascertainable economic loss of money and reputational injury by the diversion of business from Proven to Altor and the loss of goodwill in Proven and Proven's products.

119.    Proven was injured when consumers of trailer coupler lock products relied on the Defendants' misrepresentations or misleading statements to buy Defendants' products rather than Proven's products and to the extent that Defendants' misrepresentations or misleading statements adversely affected the reputation of Proven or its products.

120.    Defendants' activities have caused substantial damage to Proven, including (but not limited to) lost sales, increased costs relating to paid-placement advertising, and consulting fees incurred to mitigate the damage caused by Defendants' activities.

## COUNT IV

## FALSE ADVERTISING UNDER FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT, FLA. STAT. §§ 501.201-213

121.    Proven realleges and restates paragraphs 1 through 120 as if fully set forth herein.

122.    Proven promotes products to consumers. Proven's products include trailer coupler locks.

123.    Defendants were, at all times material to the allegations herein, engaged in "trade or commerce" as defined by Fla. Stat. § 501.203 because they sell products to consumers, including consumers in Florida and elsewhere, and advertise on their website and elsewhere online.

124.    Defendants have violated Fla. Stat. § 501.201's prohibition against engaging in unfair and deceptive practices by, *inter alia*, misleading consumers and the public regarding Altor's products and Proven's products.

125.    Defendants engaged in unconscionable acts and/or practices, and unfair and/or deceptive acts and/or practices, in trade and/or commerce, including but not limited to material misrepresentations of facts to the public, while knowing of their falsity, with the intent to receive profits for their own gain while inducing consumers, to believe that Altor's trailer coupler locks are power tool proof, that securing safety chains is a sales gimmick that creates buyer confusion and that Altor's bulky U-shaped bicycle lock is patented, and has a patented shackle and patented aluminum shell, in violation of Fla. Stat. § 501.204.

126.    Defendants are deceptive in their practices, including their false representations.

127.     Defendants are also deceptive in their practices, in falsely and deceptively representing that tests performed by Altor are objective and unbiased when in reality that is not true.

128.     For the reasons set forth above, Defendants engaged in unfair and deceptive practices in violation of Fla. Stat. § 501.201 et seq.

129.     Proven has been aggrieved-and continues to be aggrieved-because Proven is losing customers as a result of the Defendants' false and misleading statements to consumers about Altor's trailer coupler locks.

130.     Defendants' above-described acts and practices have injured and will likely continue to injure and prejudice the public and consumers in the State of Florida because the public and consumers will be led to believe that Proven's trailer coupler locks are inferior, that Proven resorts to gimmickry to sell Proven's products, that Altor's trailer coupler locks are power tool proof, and that Altor's unpatented bicycle lock is patented, when none is true.

131.     Defendants' conduct caused and continues to cause substantial injury to Proven. Proven has suffered injury-in-fact and lost money as a result of Defendants' conduct.

132.     The damages suffered by Proven are directly and proximately caused by the deceptive, misleading, and unfair business practices of Defendants.

133.     Pursuant to Fla. Stat. §§ 501.211(2) and 501.2105, Proven is entitled to damages, attorneys' fees, and costs.

134.     Proven is not only entitled to monetary damages but is also entitled to injunctive and declaratory relief from Defendants for their unfair and deceptive acts and practices.

135.     Defendants' wrongful conduct in engaging in their unlawful, unfair, and deceptive practices and activities, unless and until enjoined and restrained by Order of this Court, has and

will continue to cause great harm and irreparable injury to Proven and Proven's businesses in that Proven has lost profits, customers, and prospective customers.  Such loss will and is expected to continue if Defendants' actions are not enjoined.

## COUNT V

## TRADE LIBEL UNDER FL LAW

136.    Proven realleges and restates paragraphs 1 through 135 as if fully set forth herein.

137.    Through its website and through statements on social media, Defendants have published false, misleading, and derogatory statements about Proven and its products to the public.

138.    Specifically on the Altor website, YouTube and social media, Altor, Cato and Schaufeld have publicized and communicated to third parties false, misleading, disparaging and derogatory statements about Proven and its products, including, but not limited to, the following:

a)      Falsely claiming superiority by stating that Altor's trailer coupler lock is the only power tool proof trailer coupler lock and Proven's trailer coupler lock is easily defeated by power tools, when Altor's trailer coupler lock is not power tool proof.

b)      Demonstrating how Proven's trailer coupler lock can be defeated while falsely stating that Altor's trailer coupler lock is the only power tool proof trailer coupler lock, when Altor's trailer coupler lock is not power tool proof.

c)      In view of Proven's sales of a line of patented trailer coupler locks that lock a trailer coupler and safety chains, asserting that securing safety chains is a sales gimmick that creates buyer confusion.

139.    Defendants published the false, misleading, disparaging and derogatory statements about Proven and its products with prior knowledge and reckless disregard of the falsity of the statements therein and clear implications thereby.

140.    Defendants' falsehoods played a material and substantial part in inducing consumers not to deal with Proven or purchase Proven's products.

141.    Defendants' falsehoods were made with actual malice by Defendants inasmuch as Defendants knew of the falsity or recklessly disregarded their truth or falsity.

142.    Defendants' falsehoods are prejudicial to Proven's business and trade, are disparaging, are defamatory on their face, and constitute defamation per se.

143.    Defendants' actions have caused special harm to Proven, and are actionable irrespective of special harm as they were made with the intent to cause Proven's actual and prospective customers and Amazon.com to cease doing business with Proven and/or purchasing Proven's products.

144.    Unless preliminarily and permanently enjoined, Defendants' conduct will cause Proven irreparable harm for which there exists no adequate remedy at law.

145.    As a direct and proximate result of the aforesaid conduct of Defendants, Proven has suffered lost sales, substantial damages to its professional reputation, the threat of lost business and lost profits, for which Proven is entitled to recover from Defendants in an amount to be proved at trial, plus punitive damages, and litigation expenses, including attorney's fees.

146.    Further, as Defendants intended to harm Proven, and actually did harm, Defendants are liable for punitive damages.  Defendants made the false, misleading, disparaging and derogatory statements with the intention of injuring Proven and causing Proven's customers and prospective customers not to want to do business with Proven.

## PRAYER FOR RELIEF

WHEREFORE, Proven Industries, Inc. respectfully requests that the Court:

A. Enter preliminarily and permanent injunctive relief as follows:

i. Enjoin Defendants and its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting in concert or privity with Defendants, from making false and misleading statements about Defendants' trailer coupler lock products and Proven's products, that Altor's bulky u-shaped bicycle lock is patented and/or contains a patented shackle and/or contains a patented sheath, and that securing safety chains is a sales gimmick that creates buyer confusion, and filing, with Amazon any false takedown demand;

ii. Requiring Defendants to correct any erroneous impression consumers may have derived concerning the nature, characteristics, or qualities of either Defendants' products or Proven's products and business practices through corrective advertising; and

iii. That Defendants be ordered to pay, to Proven, Proven's loss of revenue as damages and Defendants profits caused by the tortious acts complained of herein.

iv. That Defendants be compelled to account to Proven for any and all profits caused by the tortious acts complained of herein.

v. That Defendants be compelled to pay to Proven punitive damages for the tortious acts complained of herein.

vi. That Defendants be ordered to pay Proven's costs and attorneys' fees in this action.

vii. Requiring Defendants to immediately file a declaration with this Court signed under penalty of perjury certifying the manner in which Defendants have complied with the terms of the injunction;

viii. Enter judgment in favor of Proven and against Defendants for the respective counts alleged against them in this complaint;

ix. Award Proven compensatory damages, in an amount to be determined at trial;

x. Award Proven its attorneys' fees, litigation expenses, and costs, as provided by law; and

xi. Grant Proven such other and further relief to which Proven is justly entitled.

**JURY TRIAL DEMANDED**

Pursuant to Federal Rule of Civil Procedure 38(b), Proven hereby demands a trial by jury on all issues triable by jury.

DATED: November 23, 2022   Respectfully submitted,

/s/ Anthony Tacconi
_____
Anthony Tacconi, Esquire
VSB No. 47459
GOODMAN ALLEN DONNELLY PLLC
4050 Innslake Drive, Suite 200
Glen Allen, VA  23060
(804) 565-5957 phone
(804) 346-5954 fax
atacconi@goodmanallen.com
**Attorney for Proven Industries, Inc.**


**/s/** Mark J. Young
_____
Mark J. Young, Esquire
Florida Bar No. 0078158
MARK YOUNG, P.A.
1638 Camden Avenue
Jacksonville, FL  32207
(904) 996-8099 phone
myoung@myoungpa.com
**Attorney for Proven Industries, Inc.**
***Pro Hac Vice* Application Pending**